UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| WESLEY R. DAVIDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:15-cv-528 |
| | ) |
| CSX TRANSPORTATION, INC., | ) |
| a corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I. PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Wesley R. Davidson, is an individual citizen and resident of Harrison, Hamilton County, Ohio.

2. The Defendant, CSX Transportation, Inc., is a Virginia corporation with its principal place of business in Jacksonville, Florida.

3. The incident which is the subject of this action occurred in Hamilton County, Ohio.

4. The Defendant, CSX Transportation, Inc., is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire for the purpose of carrying freight in interstate commerce. The Defendant, CSX Transportation, Inc., conducts a significant portion of its railroad operations in the State of Ohio.

5. The Plaintiff, at all times referred to herein, was an employee of the Defendant and was acting within the line and scope of his employment for the

Defendant. The Plaintiff's duties of employment for the Defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

6. This action is brought pursuant to the provisions of the Federal Employers' Liability Act, 45 U.S.C., §51, *et seq*. This Court has jurisdiction pursuant to 28 U.S.C. §1331, in that this is an action arising under the laws of the United States.

II.

**FACTS**

7. On October 17, 2014, the Plaintiff, Wesley R. Davidson, was employed as a conductor for the Defendant, CSX Transportation, Inc. On that date, he was working on a switching job on a track commonly referred to as the drum lead.

8. As part of the switching operations that day, Mr. Davidson and his crew were shoving a cut of cars down the drum lead. As part of his job duties, Mr. Davidson was required to position himself on the leading car in the shove move to monitor the progress of the movement. In essence, he was operating as the eyes of the engineer.

9. Mr. Davidson duly positioned himself on the lead car, which was a caboose. As the train proceeded down the drum lead, Mr. Davidson encountered significant vegetation which was encroaching upon the area of the track where Mr. Davidson performed his track side duties. The encroaching vegetation also obscured his view.

10. As a result of the encroaching vegetation, Mr. Davidson had to lean out from the caboose in order to see around the bushes that were blocking his line of sight. As he was doing this, there was a sudden jarring action of the caboose. As a result, Mr.

Davidson suffered severe and permanent injuries to his shoulders.

### III.

### FIRST CAUSE OF ACTION

11.     The Plaintiff avers that all of his above mentioned injuries and damages were proximately caused, in whole or in part, by the negligence of the Defendant, CSX Transportation, Inc., its agents, servants, or employees while acting within the line and scope of their employment for said defendant or by reason of a defect or insufficiency due to its negligence in its maintenance practices, inspection practices, vegetation control practices, track maintenance practices, and safety practices at the time and place where the Plaintiff suffered his above mentioned injuries and damages.

### IV.

### SECOND CAUSE OF ACTION

12.     The Plaintiff further avers that all of his injuries and damages were caused, in whole or in part, by the negligent failure of the Defendant, CSX Transportation, Inc., to use reasonable care to provide to the Plaintiff a reasonably safe place for the Plaintiff to perform his work and labor for said defendant.

### V.

### THIRD CAUSE OF ACTION

13.     All of the Plaintiff's injuries and damages were caused, in whole or in part, by a violation by the Defendant railroad of an Act of Congress passed for the protection of railroad workers.  Specifically, the Plaintiff contends that all of his injuries were caused by a violation by the Defendant railroad of 49 U.S.C. § 213.37 in that the

Defendant railroad failed to control vegetation on its property so that it did not interfere with railroad employees performing their normal track side duties and prevented railroad employees from visually inspecting moving equipment from their normal duty stations and obstructed the visibility of railroad signs and signals.

## VI.

## DAMAGES

14. The Plaintiff avers that as a result of his injuries he has suffered and seeks to recover the following injuries and damages:

    (1) Past and future lost wages and fringe benefits;

    (2) Past and future medical expenses;

    (3) Past and future physical pain and mental anguish;

    (4) Inability to carry out the usual and normal activities of life;

    (5) Permanent physical disability.

15. Because of the severity of his injuries, the Plaintiff seeks compensation in excess of Five Hundred Thousand Dollars ($500,000.00).

## VII.

## JURY DEMAND

16. The Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff brings this Complaint against the Defendant and requests this Honorable Court to enter a judgment in excess of Five Hundred Thousand Dollars ($500,000.00) and requests all other relief, both

general and special, as mandated by the premises, and as justice may require. Your Plaintiff also demands a jury to try this case.

                                                  *s/ Kenneth R. Reed*
KENNETH R. REED
Kenneth R. Reed, PSC
241 Elm Street
Ludlow, KY 41016
859-331-4443
859-291-2226 (facsimile)
kenreed@juno.com

JAMES H. WETTERMARK
Wettermark Keith, LLC
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
205-933-9500
205-977-3431 (facsimile)
james@wkfirm.com

Attorney for Plaintiff

<u>Serve Defendant:</u>

CSX Transportation, Inc.
c/o Corporate Creations Network, Inc.
119 E. Court Street
Cincinnati, OH 45202